815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert James DAY, Plaintiff-Appellant,
v.
William R. STORY, United States Parole Commission, and
Benjamin F. Baer, Defendants-Appellees.
 No. 86-5549.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1987.
 
 Before MARTIN, NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of petitioner's appeal from the district court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. The matter has been referred to a panel of the Court pursuant to Rule 9, Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner alleges that his presumptive parole date is arbitrary because the Parole Commission failed to distinguish between armed and unarmed robbery in the promulgation and application of 28 CFR Sec. 2.20, Chapter Three, Subchapter C, Sec. 321(a) erroneously considered his state convictions, and failed to consider favorable information.
 
 
 3
 The petitioner's initial argument, based on the failure of the regulation to distinguish between armed and unarmed robbery, is meritless. The Commission has broad discretion to promulgate rules and regulations as uniform guidelines for individual parole determinations. Garcia v. Neagle, 660 F.2d 983 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982). It is necessary, however, that the rating scheme of the regulation implement the express requirement of 18 U.S.C. Sec. 4206(a)(1) that the release of a prisoner not depreciate the seriousness of the particular offense or promote disrespect for the law. 28 C.F.R. Sec. 2.20, Chapter Three, Subchapter C, 321(a) complies with that requirement by emphasizing the use of force or fear as the determinative factor for the seriousness of robbery. All of the listed offenses that include force or fear are rated alike, and for that reason the regulation is not arbitrary. The petitioner committed his unarmed robbery in a manner calculated to induce fear, and petitioner's severity offense category rating is not excessive.
 
 
 4
 The Commission also properly considered the state crimes in determining the petitioner's parole eligibility. Item A of the Commission's Rules and Procedures Manual instructs the Commission to consider all crimes committed prior to the period of confinement, not merely prior convictions. The state offenses were committed in 1982 and therefore were properly considered by the Commission.
 
 
 5
 There is no support for the allegation that, contrary to the statement of the Commission, the Commission did not consider all information submitted to it.
 
 
 6
 Finally, there was no genuine issue as to a material fact before the district court. Therefore, dismissal without an evidentiary hearing was proper. Because the court considered matter outside the pleadings, the dismissal will be considered a grant of the respondent's motion for summary judgment, Federal Rules of Civil Procedure 12(b), and is affirmed.